[No. 7196. Decided July 29, 1908.]

E. P. BEHLING *et al.*, *Respondents*, v. SEATTLE ELECTRIC COMPANY, *Appellant*.[1]

CARRIERS—INJURY TO PASSENGERS—SUDDEN JERKS—ACTIONS—INSTRUCTIONS. In an action against a street car company for injuries sustained by a passenger by reason of a sudden unusual jerk in starting, it is proper to refuse to instruct that some lurching or jerking was well known to be necessary for the operation of electric cars, and that plaintiff could not recover unless the court believed that there was lurching or jerking out of the ordinary, or such as would indicate negligent operation, where it was not claimed that the car could be operated without some jerking, and other instructions sufficiently recognized that the only issue for the jury relating to the movement of the car was whether the same was unusual.

SAME—DEGREE OF CARE—INSTRUCTIONS. An instruction to the effect that a street car company is bound to exercise the highest degree of care reasonably practicable to see that an entering passenger has ample opportunity to be in a place of safety before starting the car, is not objectionable as declaring the rule that it is negligence *per se* to start a car before a passenger has secured a seat, where it is immediately followed by instructions making it clear that the questions before the jury were whether the plaintiff used reasonable care for her own safety and whether the company in starting the car exercised the highest degree of care reasonably practicable under the conditions existing.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 29, 1907, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a passenger through the negligent starting of a street car. Affirmed.

*Hughes, McMicken, Dovell & Ramsey*, for appellant.
*Daniel Landon* and *Jesse A. Frye*, for respondent.

HADLEY, C. J.—This is an action to recover damages for personal injuries received by the plaintiff Cecelia A. Behling while riding upon one of defendant's street cars. The com-

[1]Reported in 96 Pac. 954.

plaint alleges that the plaintiffs, who are husband and wife, together with their children, boarded the car after it had stopped at a street crossing; that the conductor assisted one of the children to the car, and after all had reached the rear platform, and just as the plaintiff Cecelia A. Behling was about to enter the rear door, and before she had time or opportunity to enter the car and secure a seat, without warning to her, the car started and then suddenly stopped, causing an unusual, quick and sudden jerk, whereby she was thrown with great force against the handles of the rear door, and then violently thrown down upon the door-sill and the floor of the car. A trial was had before a jury, and a verdict for the plaintiffs was returned in the sum of $3,000. From a judgment for that sum, the defendant has appealed.

It is assigned that the court erred in refusing to give the following instruction:

"I instruct you that it is a well known fact that cars operated by cable or electricity cannot be operated without some lurching or jerking, and unless you believe from the evidence that there was some lurching or jerking out of the ordinary, or such that would indicate negligent operation, then the defendant company is not responsible."

It was not error to refuse the instruction. It was not claimed by the respondent that the car could have been operated without some lurching or jerking, and no such an issue was tendered by the pleadings or introduced by evidence before the jury. The averment in the complaint and the claim at the trial was that the jerk was a quick, sudden, and unusual one. The instructions that were given sufficiently recognized that such was the only issue relating to the motion of the car which was before the court and jury, and the jury could not have been misled as to the issue in this particular.

It is further contended that it was error to give the following instruction:

"You are further instructed that if you believe from the evidence in this case that Cecelia A. Behling, one of the

plaintiffs, in her efforts to get upon the platform of, and to enter, the defendant's car, at the time and place and manner alleged in plaintiffs' complaint, acted as an ordinarily prudent woman generally acts under circumstances similar to all those which then surrounded her; and if you believe from a preponderance of the evidence, that the said Cecelia A. Behling did get upon the rear platform of the defendant's car while the same was there standing still, and immediately after other passengers had alighted from said car, and that the defendant's servants and employees started said car without having exercised the highest degree of care and prudence reasonably practicable under the circumstances and conditions existing at the time and place in question, to see that the said Cecelia A. Behling was in a place of safety and had had ample opportunity, she exercising ordinary care, to secure a seat in said car, and that the negligent starting of the said car threw the said Cecelia A. Behling against the handles of the rear door of said car and then down and upon and against the rear door-sill of said car, and then upon the floor of said car, as alleged in the complaint, and that she was injured as is alleged in the complaint; then and in that event, your verdict will be for the plaintiffs."

Appellant argues that the above declares the rule of law to be that it is negligence *per se* to start a car before a passenger has had ample opportunity to secure a seat. We think such a conclusion from the language used may hardly be fairly drawn, considering all that was said. The seeming intent of the language used was to declare that it was the appellant's duty to exercise the highest degree of care and prudence reasonably practicable under the circumstances existing at the time and place, to see that the respondent had ample opportunity to be in a place of safety. If, however, there was any doubt upon this subject, it seems to us it was fully removed by the paragraph of the instructions immediately following what is quoted above. The paragraphs of the instructions were not separated by even so much as numbers, and what is quoted below followed the other in immediate succession so that the two paragraphs, treating as they do upon the same phase of the case, may well be re-

garded as one entire instruction. The remainder of the instruction upon that subject was as follows:

"You are further instructed that, if you find from a preponderance of the evidence that the said Cecelia A. Behling got upon the rear platform of said car, and thereafter while endeavoring to secure a place of safety and a seat in said car, she exercised reasonable and ordinary care for her own safety under all the circumstances, and proceeded as expeditiously as she could under all the circumstances toward a seat in said car, and if before she became seated the defendant's servants and employees started said car without exercising the highest degree of care reasonably practicable under the circumstances and conditions existing at the time and place in question, and by reason thereof the said Cecelia A. Behling was injured, as is alleged in the complaint, such acts of the defendant's servants and employees would constitute negligence, and the defendant would be liable to the plaintiffs for damages sustained by the said Cecelia A. Behling, as a result of being thrown against the handles of the doors of said car and against the sill thereof and then thrown upon the floor of said car, provided you further find that she was without negligence on her part."

The above made it clear to the jury that the questions before them were whether the respondent exercised reasonable and ordinary care for her own safety, under all the circumstances, and whether, in starting the car, the appellant exercised the highest degree of care reasonably practicable under the conditions existing at the time and place.

We find no error in these instructions and, there being no other assignments, the judgment is affirmed.

FULLERTON, MOUNT, and CROW, JJ., concur.